| | |
|---|---|
| **NORMA ANDUJAR VALENTIN** | |
| **Plaintiff** | **CIVIL NO: 18-cv-01811-ADC** |
| **v.** | **PLAINTIFFS DEMAND TRIAL BY JURY** |
| **ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, ET.ALS.** | |

## ANSWER TO AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant, Dr. Pedro J. Hernández Rivera, through his undersigned attorneys and very respectfully STATES and PRAYS, as follows:

## JURISDICTION AND VENUE:

1.1     The allegations set forth in paragraph 1.1 of the Complaint are legal in nature and do not require a responsive pleading from the appearing Defendant. To the extent that a responsive pleading is required, the allegations are denied..

1.2.     The allegations as to Jurisdiction in paragraph 1.2 of the Complaint are denied. Dr. Pedro J. Hernández Rivera specifically alleges that the Court lacks subject matter jurisdiction since the facts alleged in the Complaint do not fulfill the requirements for Federal Jurisdiction.  Furthermore, as it respects allegations as to Jurisdiction Dr. Pedro J. Hernández Rivera specifically alleges that the Court lacks subject matter jurisdiction since the controversy fails to exceed the sum of $75,0000.

1.3    As to the allegations contained in paragraph 1.3 of the Complaint, Dr. Pedro J . Hernández Rivera only admits and alleges that a complaint was filed on August 21st, 2017 by Vanessa Andújar Valentín and others in the San Juan Part of the Puerto Rico Court of First Instance, specifically in Civil No. SJ2017CV01551 (802), that the plaintiffs in such case filed a Motion for Voluntary Dismissal Without Prejudice on October 30th, 2017, and that a judgment dismissing said case, without prejudice, was entered on November 1st, 2017 and notified on November 12th, 2017. The rest of the allegations contained in Paragraph 1.3 of the Complaint are denied for lack of sufficient information upon which to form a belief as to the veracity of said averments.

1.4.    The allegations contained in paragraph 1.4 of the Complaint are denied for lack of sufficient information upon which to form a belief as to the veracity of said averments.

## II. THE PARTIES

2.1.    The averments contained in this paragraph 2.1, as attested by plaintiff's attorney, are admitted, except the residency of the plaintiffs, which is denied for lack of knowledge. However, appearing codefendant reserves its right to amend this responsive pleading once the discovery process has been exhausted.

2.2.    The allegations contained in paragraph 2.2 of the Complaint are directed towards another party and therefore, do not require a responsive pleading from the Dr. Pedro J. Hernández Rivera.  In the alternative, the allegations contained in paragraph 2.2 of the Complaint are denied.

2.3     The allegations contained in paragraph 2.3 of the Complaint are directed towards another party and therefore, do not require a responsive pleading from the Dr. Pedro J. Hernández Rivera.  In the alternative, the allegations contained in paragraph 2.3 of the Complaint are denied.

2.4     The allegations contained in paragraph 2.4 of the Complaint are directed towards another party and therefore, do not require a responsive pleading from the Dr. Pedro J. Hernández Rivera.  In the alternative, the allegations contained in paragraph 2.4 of the Complaint are denied.

2.5.    Of the allegations contained in paragraph 2.5 it is admitted that Dr. Pedro J. Hernández Rivera is domiciled in Puerto Rico. He is married but the existence of the conjugal partnership is denied.   It is affirmatively alleged Dr. Hernández is married under complete separation of assets.

2.6     The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.7.    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.8     The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.9.    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.10.    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.11.    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.12.    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

2.13.    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from our specifically denied.

### III.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.2    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez.

Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.3    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.4    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied. Dr. Pedro J. Hernández Rivera further alleges that upon information and belief the patient underwent surgery at PCH. Therefore, the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at Ashford Presbyterian Hospital (PCH).

3.5    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied. Dr. Pedro J. Hernández Rivera further alleges that upon information and belief the patient underwent surgery at PCH. Therefore, the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at Ashford Presbyterian Hospital (PCH).

3.6    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez.

Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.7    The allegations contained in this paragraph, except the fact that the patient was discharged from PCH, which is admitted, the rest are denied for lack of sufficient information upon which to base a responsive pleading.

3.8    The allegations contained in this paragraph are denied for lack of sufficient information upon which to base a responsive pleading.

3.9    The allegations contained in this paragraph are denied for lack of sufficient information upon which to base a responsive pleading.

3.10    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.11    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.12    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied.

3.13    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied. Dr. Pedro J. Hernández Rivera further alleges that upon information he received and that he believes is true, the patient was admitted to Hospital Pavia Santurce on August 16, 2016. The medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at said institution.

3.14    The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied. Dr. Pedro J. Hernández Rivera further alleges that upon information and belief an ERCP was performed and the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at said institution.

3.15    The allegations contained in this paragraph are denied for lack of sufficient information upon which to base a responsive pleading.

3.16    The allegations contained in this paragraph are denied for lack of sufficient information upon which to base a responsive pleading.

3.17    The allegations contained in this paragraph are denied for lack of sufficient information upon which to base a responsive pleading.

3.18   The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied. Dr. Pedro J. Hernández Rivera further alleges that upon information he received and that he believes is true, the patient was admitted to Hospital Pavia Santurce (HPS) on August 16, 2016 and transferred to Hospital Auxilio Mutuo (HAM) under the auspice of the of the University of Puerto Rico Medical School Residents Training Program. He was admitted to HAM on August 22, 2016. It is affirmatively alleged that under the laws of the Commonwealth of Puerto Rico, the appearing defendant is entitled to immunity as such; plaintiff is precluded from filing the instant action against the appearing co-defendant. Since the events took place as part of a University of Puerto Rico's medical residence program, there is an aggregate monetary limit set by law. Furthermore, the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at said institution. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.19   The allegations contained in this paragraph do not require a response from the appearing codefendant, since they are not addressed to Dr. Pedro J. Hernandez. Nevertheless, if any of the allegations contained in this paragraph are intended to include Dr. Pedro J. Hernández Rivera, they are all denied. Dr. Pedro J. Hernández Rivera further alleges that upon information he received and that he believes is true, the patient was admitted to Hospital Pavia Santurce (HPS) on August 16, 2016 and

transferred to Hospital Auxilio Mutuo (HAM) under the auspice of the University of Puerto Rico Medical School Residents Training Program. He was admitted to HAM on August 22, 2016. It is affirmatively alleged that under the laws of the Commonwealth of Puerto Rico, the appearing defendant is entitled to immunity as such; plaintiff is precluded from filing the instant action against the appearing co-defendant. Since the events took place as part of a University of Puerto Rico's medical residence program, there is an aggregate monetary limit set by law. Furthermore, the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.20. Of the allegations contained this paragraph Dr. Pedro J Hernández accepts that the patient was admitted to HAM on August 22, 2016 with a diagnosis of obstructive jaundice and colelithiasis. Furthermore, orders for the treatment, to assist in diagnosis and consultations were placed by Dr. Pedro J Hernández, and work up.

3.21. This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the laboratory results done to the patient are incomplete. The medical record of the patient contains the results and a more thorough description of the patient's condition. The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.22 This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the findings of the MRCP done to the patient are incomplete. The medical

9

record of the patient contains the results and a more thorough description of the patient's condition. The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.23    This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the laboratory results of August 25, 2016 done to the patient are incomplete. The medical record of the patient contains the results and a more thorough description of the patient's condition. The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.24    This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the surgery performed to the patient on August 26, 2016 and the findings, as described by plaintiff, is incomplete. The medical record of the patient contains the mode of surgery, the findings and procedure carried out, among other information. Therefore, the record includes a more thorough description of the patient and his condition. The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.25    This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the pathology of the samples collected on August 26, 2016 reported on September 2, 2016 is incomplete. The medical record of the patient contains the results and a more thorough description of the patient's condition. The contents of the medical

record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.26    The allegation contained in this paragraph as drafted is denied. After surgery the patient was admitted to the ICU and Dr. Carlos Garcia, who is a critical care specialist, as well as other physicians and medical professionals, provided treatment to the patient.

3.27    This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the laboratory results of August 27, 2016 done to the patient are incomplete. The medical record of the patient contains the results and a more thorough description of the patient's condition. The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.28    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.29    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other

allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.30    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.31    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.32    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr.

Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.34   The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.


3.35   The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.36   The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr.

13

Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.37    The allegations contained in this paragraph are admitted. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.38    This allegation, as drafted, is denied. It is affirmatively alleged that the description of the surgery performed on August 30, 2016 to the patient is incomplete. The medical record of the patient contains the surgery description and it reads: Patient prepped and draped in sterile manner. Patient Previous incision reopened. Hemoperitoneum noted. Larga amount in suprahepatic area, splenic fossa and interloop. No purulence was found. Large compressing hematoma at jejunojejunostomy site was noted causing clinical dilation of roux limb and afferent limb. Hematoma removed and anastomosis viability was assessed and anastomosis was viable. No necrosis, no perforations. Enterobiliary anastomosis was examined, small bile leak noted. Extremely friable tissue prohibited safe reconstruction of an already connected enterobiliary anastomosis. An additional drain was left in place to further capture bile

14

leak. No acute complications. Small bowel patency re-established. Anterior and posterior fascia closed with PDS - 1 and skin with staples. Findings large hematoma compressing jejunojejunostomy site and enterobiliary limb. large hemoperitoneum hemostasis achieved. Specimens Obtained:" The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.39 The allegations of this paragraph are admitted. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.40 This allegation, as drafted, is denied. It is affirmatively alleged that plaintiff description of the laboratory results of August 30, 2016 done to the patient are incomplete. The medical record of the patient contains the results and a more thorough description of the patient's condition. The contents of the medical record are adopted herein by the appearing as part of this answer. Any other allegations made by plaintiff which are inconsistent with the affirmative allegations made herein are denied.

3.41 The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer.

3.42     The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.43     The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.44     The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.45     The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community

as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.46    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.47    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.48    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.49    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other

allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.50    The allegations contained in this paragraph do not require a response from the appearing codefendant, as its contents is not addressed against him. All other allegations contained therein or inferred from said paragraph are specifically denied. Dr. Pedro J. Hernández Rivera further alleges that the medical record speaks for itself and contains the full evaluation and treatment provided to Samuel Boria Andújar at HAM. The contents of the medical record are adopted herein by the appearing as part of this answer. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.51    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient

said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.52    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.53    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.54    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.55　The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery.

3.56　The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.57　The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is

20

a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.58    The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.59    The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.60 The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.61 The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.62 The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do

require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.63   The allegations contained in this paragraph are not directed against Dr. Pedro J Hernández and do not require a responsive allegation. In the event that they do require a response, they should be considered denied. The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.64   The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community

as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

3.65    The allegations contained in this paragraph are denied. At all times that appearing codefendant Dr. Pedro J. Hernández Rivera provided treatment to the patient said medical service was done correctly, in a timely fashion and in full compliance with the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary surgery. Furthermore there is a total lack of causal relation between the demise of the patient and the treatment provided by Dr. Pedro J. Hernández to Mr. Samuel Boria Andujar.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted for plaintiff and against defendant, Dr. Pedro J. Hernández Rivera.

2.    The claim is time barred and/or the doctrine of laches applies.

3.    The claims alleged in the Complaint are barred by the applicable statute of limitations.

4.    Plaintiff failed to mitigate damages if any.

5.    The medical service provided by Dr. Pedro J. Hernández Rivera to the patient Mr. Andujar was done correctly and in a timely fashion, in full compliance with

24

the professional standards of medicine generally recognized in the medical community as those which constitute the accepted practice of medicine, particularly in his specialty of biliary and transplant surgeon.

6.      If there is negligence in this case, ***which we expressly and specifically deny***, same was incurred by Plaintiffs and/or by third parties, for whose actions Dr. Pedro J. Hernández Rivera is not responsible, as a matter of law.

7.      There is no causal relationship between any act or omission which may be attributed to Dr. Pedro J. Hernández Rivera and the damages claimed in the Complaint. Nevertheless, in the event that this Court finds that Dr. Pedro J. Hernández Rivera was negligent, ***which we expressly and specifically deny***, he would only be liable for the portion of the damages which equals its comparative negligence, if any.

8.      There is no causal relationship between the acts and/or omissions allegedly incurred by Dr. Pedro J. Hernández Rivera and the damages allegedly suffered by plaintiffs.

9.      The intervention or non-intervention of Dr. Pedro J. Hernández Rivera with the patient fully complied with the generally accepted standards recognized by the medical profession under the particular circumstances of this case.

10.     The alleged damages suffered by plaintiffs are not related to, nor were they caused by the medical services provided by Dr. Pedro J. Hernández Rivera.

11.     The legal doctrine of judgment error ("error de juicio") as established by the Puerto Rico Supreme Court, is applicable to the facts alleged in the Complaint.

25

12.     While Dr. Pedro J. Hernández Rivera denies any liability whatsoever, in the event that it is determined by the Court that he incurred in any negligence or culpable conduct, and it is determined that it was a contributing cause in the alleged damages claim (which we emphatically deny), Dr. Pedro J. Hernández Rivera denies liability for the payment of any sum in excess of its pro rata share, determined by his degree of contributing fault.   Furthermore, any judgment against Dr. Pedro J. Hernández Rivera must be reduced by the degree of fault, negligence or other culpable conduct in which the plaintiff and/or any other party are adjudged to have incurred.  Finally, any award of damages against Dr. Pedro J. Hernández Rivera must be reduced by any amounts received by the plaintiffs in settlement or in any other manner from any other party.

13.     Damages allegedly suffered by plaintiffs were due to all pre-existing conditions of the patient.

14.     The damages sought by plaintiffs in the Complaint have been grossly exaggerated and in no way represent the effective damages that plaintiffs may have suffered, if any.

15.     Defendants are not joint tortfeasors.

16.     Plaintiffs did not mitigate damages.

17.     Plaintiffs' allegations have not rebutted the presumption that the physicians have acted with reasonable care and that treatment administered was adequate.

18.     Plaintiffs' claims are barred, either in whole or in part, by the absence of diversity jurisdiction.

19.     The medical treatment provided to Mr. Samuel Boria Andujar by Dr. Pedro J Hernández at Hospital Auxilio Mutuo (HAM) as related in the complaint was performed pursuant to a Teaching Service Agreement between HAM and the University of Puerto Rico School of Medicine (UPR-SOM) for medical education training purposes.

20.     At all times pertinent, Dr. Pedro J. Hernández Rivera while preforming medical treatment acted in his capacity as an Assistant Professor and Attending Physician of the Surgery Department of the School of Medicine, Medical Sciences Campus of the University of Puerto Rico.

21.     Faculty members and residents of the University of Puerto Rico, acting as such, are afforded immunity from medical malpractice claims. If proven, the University of Puerto Rico is the entity called up to respond to said claims.

22.     Any economic liability is expressly limited by law.

23.     ***Any allegations contained in the present answer to Complaint which have not been expressly admitted should be deemed denied.***

24.     The appearing defendants presently have insufficient knowledge and/or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Dr. Pedro J. Hernández Rivera reserves the right to assert additional defenses that are revealed by further investigation or by discovery.

25.    The appearing defendant reserves the right to amend the existing affirmative defenses and/or to include additional affirmative defenses that may arise through discovery and/or investigation.

26.    Dr. Pedro J. Hernández Rivera adopts by reference and incorporate herein all affirmative allegations contained in the Answer to Complaint.

**WHEREFORE**, it is respectfully requested from this Honorable Court that this *Complaint* be dismissed in its entirety and award costs, expenses and attorneys' fees and such other further relief as the Court deems just and appropriate.

**I HEREBY CERTIFY:**  That copy of this document has been sent by CM/ECF to the all the attorneys of Record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 15th day of January, 2019.

<table>
<tr>
<td>

***DOBLE GALLART LAW LLC***
420 Ponce de León Ave., Suite 304
San Juan, Puerto Rico 00918-3403
Tel: (787) 754-7171
Fax: (787) 250-1041
E-mail: doblegallart@gmail.com


By: /s/ *Angelique Doble Bravo*
    ANGELIQUE DOBLE BRAVO
    USDC-PR 221208

</td>
<td>

*S/ LUIS F. MONTIJO*

**LUIS F.  MONTIJO
USDC ID. NO. 122302**

**MONTIJO & MONTIJO LAW OFFICES
URB. ROOSEVELT
534 OCTAVIO MARCANO
SAN JUAN, PR 00918-2747
TEL: (787) 754-3055 / FAX: (787) 754-5918
lmontijo@montijolaw.com**

</td>
</tr>
</table>

28