IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NORMA ANDÚJAR VALENTÍN** | **CIVIL NO. 18-CV-01811 (ADC)** |
| Plaintiff | |
| Vs. | **(JURY TRIAL REQUESTED)** |
| **ASHFORD PRESBYTERIAN HOSPITAL et als** | |
| Defendants | |

**MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

COMES NOW, co-defendant Dr. Pedro J. Hernández (Dr. Hernández) through his undersigned counsel and respectfully STATES and PRAYS as follows:

## I.  INTRODUCTION

Plaintiff alleges that her nephew, Samuel Boria Andújar, died as a result of the medical treatment provided by defendants and now seeks redress for the damages suffered. However, plaintiff is precluded by law from filing any malpractice claim against Dr. Hernández - who at all times pertinent to the complaint - was a faculty member of the University of Puerto Rico's School of Medicine and acted in said capacity when he treated plaintiff's nephew. [**Statement of Uncontested Material Facts (SUF) 1-9**]

1

Dr. Hernández hereby moves for the dismissal of the complaint filed against him **with prejudice** pursuant to Article 41.050 of the Puerto Rico Insurance Code, 26 LPRA Sec 4105.

## II. SUMMARY JUDGMENT IS APPROPRIATE PURSUANT TO 26 L.P.R.A. §4105

A grant of summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c)." Seaboard Surety Co. v. Greenfield Middle Sch. Bldg. Comm., 370 F.3d 215, 218 (1st Cir.2004). In ruling on a motion of summary judgment, a court must view "the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." Carcieri v. Norton, 398 F.3d 22, 29 (1st Cir. 2005); Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir.1995); O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir 1993) Hence, the burden of proof is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as matter of law. Fed. R. Civ. P. 56 (c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The Medical–Hospital Professional Liability Insurance Act ("MHPLIA"), 26 L.P.R.A. § 4105, provides immunity to those doctors, and other health care providers who, like Dr. Hernández, provide services or carry out their duties and functions, including teaching duties, as employees of the Commonwealth of Puerto Rico, its dependencies and instrumentalities. [SUF 4-5] Colón v. Ramírez,

2

913 F.Supp.112, 119 (D.P.R.1996); <u>Feliciano v. Díaz,</u> 641 F.Supp.2d 120 (2009). In its pertinent part, 26 L.P.R.A. §4105 states as follows:

> "**No healthcare professional (employee or contractor) may be included as a defendant in a civil action for** damages because of culpability or negligence arising from **malpractice** committed in the practice of his/her profession while said healthcare professional acts in compliance with his her duties and functions, including teaching duties, as an employee of the Commonwealth of Puerto Rico, its dependencies and instrumentalities…." [Emphasis and translation ours]

"The figure of immunity - as manifested in this context - is conferred by the Legislature in response to public policy considerations which go beyond the limits of the acts or omissions of the individual who enjoys it. <u>Romero Arroyo v. Commonwealth</u>, 127 DPR 724, 745 (1991). Reflecting on Article 41.050 of the Code of Insurance, and the provisions that preceded it, [the Puerto Rico Supreme Court] has commented that '**immunity**' "**[is not] a defense of the doctor concerned** by the claims against him, **but lack of cause of action against**". <u>Lind v. Rodriguez</u>, 112 DPR 67, 69 (1982). See, in addition, <u>Rodríguez Ruiz v. Hosp. San Jorge</u>, 169 DPR 850 (2007); <u>Flores Román v. Ramos Gonzalez</u>, 127 DPR 601 (1990); <u>Vazquez Negron v. Commonwealth</u>, 113 DPR 148 (1982); <u>Vazquez v. Commonwealth</u>, 109 19 DPR (1979). **Therefore, an individual who enjoys immunity is not subject to litigation, regardless of whether it has carried out an act or omission by negligence or fault**." See <u>Rodriguez Figueroa V. Centro De Salud</u> 2017 TSPR 053 [Translation and emphasis ours]

Therefore the material facts that must be established by the moving party are:

      i. that the doctor or medical professional worked for the Commonwealth, any of its instrumentalities or dependencies, and

      ii. that the alleged malpractice occurred while carrying out his or her duties as an employee or agent of the Commonwealth, any of its instrumentalities or dependencies.

If the nonmoving party fails to controvert these facts, it necessarily follows that the health care professionals involved are to be given the immunity conferred to them by law. Whether there was an act or omission by negligence or fault is immaterial to the immunity controversy as Article 41.050 of the Insurance Code (26 L.P.R.A. § 4105) precludes malpractice claims against said health care professionals. Therefore, any such claims against said professionals must be summarily dismissed with prejudice[1].

### III. DR. HERNÁNDEZ MEETS THE CRITERIA SET FORTH BY 26 L.P.R.A. §4105

As previously stated, the immunity granted to healthcare providers under 26 L.P.R.A. § 4105 requires that the doctor or medical professional work for the Commonwealth, any of its instrumentalities or dependencies, and that the alleged malpractice occurred while carrying out his or her duties as an employee

---

[1] This statue does not preclude the filing, before the local courts, of a civil complaint against the Commonwealth or the appropriate dependencies or instrumentalities involved. In this case, the University of Puerto Rico. **[SUF 7-9]**

or agent of the Commonwealth, any of its instrumentalities or dependencies. Such is the case of appearing defendant.

**A. Dr. Hernández is a faculty member of the University of Puerto Rico School of Medicine, an instrumentality of the Commonwealth of Puerto Rico**

The University of Puerto Rico (UPR), an instrumentality of the Commonwealth of Puerto Rico, constitutes one organic system of higher education, composed of several institutional units. Its School of Medicine (commonly known in the Spanish language as "Recinto de Ciencias Médicas") is part of said institutional units. 18 L.P.R.A. 601 et seq.

**Since 2013**, Dr. Hernández has been a faculty member of the University Of Puerto Rico-Medical Sciences Campus' School of Medicine Department of Surgery and among the duties he conducts **for the UPR** is to teach and supervise residents carrying out their surgical rotations at Auxilio Mutuo Hospital (AMH). **[SUF 3-4]** Hence, he meets the first prong of Section 4105 supra. as he conducts <u>teaching duties</u> **for** the UPR.

**B. Dr. Hernández was carrying out his duties as a faculty member of the UPR at the time he treated plaintiff's nephew**

On July 1st 2014 AMH and UPR subscribed an agreement they titled "Affiliation Agreement for Educational Experiences of Residents (Surgical Rotations)", herein after referred to as "Surgical Rotations Program". The purpose of said agreement was to provide UPR residents with educational experiences in

5

a health care setting. Pursuant to the terms of the Surgical Rotations Program, AMH is to provide its facilities so that UPR's faculty and residents can conduct the surgical rotations required as part of their medical training. **[SUF 1-2]** Dr. Hernández is one of several members of UPR's faculty assigned to teach and supervise UPR's residents during their surgical rotations at AMH. **[SUF 4]**

A simple reading of the previously mentioned agreement suffices to conclude that Dr. Hernández was carrying out the duties the UPR assigned him so it may comply with the terms of the Surgical Rotations Program. **[SUF 1-4]** Contracts, pursuant to the Puerto Rico Civil Code, are perfected by mere consent, and every party is bound from the time of consent not only to comply with what is expressly agreed upon, but also with the consequences that, according to their nature, are consistent with good faith, custom, and the law. Civil Code, Article 1210, Laws of P.R. Ann., Tit. 31 § 3376; Unisys v. Ramallo Bros. Printing Co., Inc., 128 D.P.R. 842, 852 (1991); Ramírez v. Club Cala de Palmas, 123 D.P.R. 339, 345-46 (1989). In addition, it is clearly settled law that the pacts and agreements made by the parties to a contract have legal force and should be fulfilled in accordance thereto. Civil Code, Article 1044, Laws of P.R. Ann., Tit.31 § 2994; see also García v. World Wide Entmt. Co., 132 D.P.R. 378, 384 (1992). Moreover, when the terms, conditions, and exclusions of a contract are clear, specific, and give no margin to ambiguities or different interpretations, they are the rule to apply. Civil Code, Article 1233, Laws of P.R. Ann., Tit. 31 § 3471; see also Curbelo v. A.F.F., 127 D.P.R. 747, 760 (1991). The courts of justice, thus, cannot free a party from fulfilling what it contractually agreed to, when said contract is legal and valid, and does not have any defects. Constructora Bauzá

v. García López, 129 D.P.R. 579, 593 (1991).

According to the complaint, Dr. Hernández treated plaintiff's nephew on **August 2016**. At the time, the contract between AMH and UPR was in full force and effect. Therefore, the treatment provided by Dr. Hernández to plaintiff's nephew at AMH was provided as part of his teaching duties as a faculty member of the UPR's School of Medicine. **[SUF 3-6]**

Having established the last prong of Section 4105 supra, all the necessary criteria set forth by Article 41.050 of the Insurance Code (26 L.P.R.A. §4105) have been met. Consequently, plaintiff is precluded from filing any malpractice complaint against Dr. Hernández and ought to be dismissed with prejudice as a matter of law.

### IV. CONCLUSION

In sum, taking the facts in the light most favorable to plaintiff and in view of the material uncontested facts establishing that at all pertinent times Dr. Hernández acted within the scope of his duties as Attending physician for the University of Puerto Rico-Medical Sciences Campus' School of Medicine Department of Surgery, Dr. Hernández is entitled to immunity from malpractice claims and plaintiff is precluded from filing the instant action against appearing defendant under Article 41.050. Consequently, the present complaint must be dismissed **with prejudice**.

**WHEREFORE** defendant respectfully moves the Court to grant the present motion and enter partial judgment summarily dismissing plaintiff's complaint against Dr. Hernández with prejudice.

**Respectfully Submitted**.

I hereby certify that a copy of this motion was filed using the Court's CM/ECF system that will electronically send a copy to counsel of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico on this 2nd day of March, 2019.

> *DOBLE GALLART LAW LLC*
> **Attorney for Dr. Hernández**
> 420 Ponce de León Ave., Suite 304
> San Juan, Puerto Rico 00918-3403
> Tel: (787) 754-7171/Fax: (787) 250-1041
> E-mail: doblegallart@gmail.com
>
> By: /s/ *Angelique Doble Bravo*
>     ANGELIQUE DOBLE BRAVO
>     USDC-PR 221208